# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

JAMES MICHAEL ENRIQUEZ                                                    PLAINTIFF

v.

CIVIL ACTION NO. 3:09CV-P782-C

MARK E. BOLTON, *et al.*                                                 DEFENDANTS

## MEMORANDUM OPINION

_____

_____This matter is before the court for *sua sponte* screening of the *pro se*

complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d

601 (6th Cir. 1997).  For the reasons that follow, the court will dismiss this action

for failure to state a claim.

_____The plaintiff, James Michael Enriquez, a pretrial detainee at the Louisville

Metro Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983

against Director Mark E. Bolton, Assistant Director Dwayne A. Clark, Fourth Floor

Head Case Worker Ruben Pavlov, and Classification Coordinator Jamie Allen.  The

plaintiff sues the defendants in their official capacities only.

The plaintiff alleges that sometime in March of 2009 a fee was wrongfully

taken out of his account.  He alleges that he filed an appeal with Bolton for a

refund of the fee, but that the appeal was denied.  Thus, he states, on July 1,

2009, he "filed a request for an appeal and a hearing to the code enforcement

board of Louisville, Kentucky as per the appeal procedures of the Louisville Metro

Department of Corrections."  He states that on July 6, 2009, he received a letter

setting a hearing date.  The plaintiff states that Pavlov and Allen told him that he could not go to the hearing .  He states that their actions violate his rights under the Fourteenth Amendment to the United States Constitution.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1).

The official-capacity claims against the defendants are actually claims against the Louisville Metro Government.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official- capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). Rather, there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation for liability to attach.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County*, *Ohio,* 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38

F.3d at 286.  Thus, the plaintiff must identify a Louisville Metro Detention Center policy or custom that was the moving force of the constitutional violation.

The plaintiff does not articulate a precise policy or custom that was the moving force behind his alleged injury.  Instead, his complaint focuses on the actions of the various defendants without reference to any policy.  His complaint appears to allege isolated occurrences affecting only him.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  As nothing in the complaint demonstrates that the defendants' actions occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government, the complaint fails to state a cognizable § 1983 claim against it. Accordingly, by separate order, the court will dismiss this action for failure to state a claim upon which relief may be granted.

The clerk of court is directed to mail a copy of this memorandum opinion and the accompanying order to the *pro se* plaintiff.

Signed on  March 29, 2010

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**